IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERMINIX INTERNATIONAL COMPANY, L.P., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 98-G-1150-S |
| LINDA R. SUTHER, | ) ) ) | SEP 8 1998 |
| Defendant. | ) | |

MEMORANDUM OPINION

This cause is before the court upon the plaintiff's motion for summary judgment on its petition to compel arbitration. A review of the record reveals that as to the following, there exists no genuine issue of fact:

1. Defendant purchased a home located at 1860 Southwood Road in Birmingham Alabama on or about June 6, 1996. (Def.'s answer ¶ 6)

2. Terminix, the plaintiff, had a service agreement with the previous owner of the property. That service agreement contained an arbitration agreement. (Arnold decl., Exhibit A).

3. Defendant admits she took an assignment of the rights and obligations created by the contract between Terminix and the previous owner of the property, or, in the alternative, entered into a new written agreement in June 1996 with identical terms and conditions as the original agreement, including an arbitration agreement identical to that contained in the contract with the previous owner. (Def.'s answer ¶ 8, 10).

14

4. Defendant admits she renewed her contract with Terminix in 1996 and 1997 by paying her annual renewal fee. (Def.'s answer ¶ 9).

5. The arbitration agreement contained in the contract with the previous owner, as well as in the renewal contract, provides as follows: "The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration." (Arnold decl. Exhibits A and B).

6. Defendant in her underlying state court complaint avers that she entered into a contract in June 1996 with Terminix to provide the necessary service to protect her property against the attack of subterranean termites, that on or about June 3, 1996, Terminix represented to the plaintiff that the property had had no previous infestation, and further that that representation was false. (Def.'s state court complaint, Count 6)

The defendant argues that the alleged misrepresentations are not within the scope of the arbitration clause contained in her contract with Terminix. However, when interpreting arbitration clauses, the court must give due regard to the strong federal policy favoring arbitration and the resolution of ambiguities in arbitration clauses in favor of arbitration. Mastrobuono v. Shearson Lehman Hutton, Inc., 115 S. Ct. 1212, 1218 (1995). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Gregory v. Electro-Mechanical Corp., 83 F.3d 382, 385-86 (11th Cir. 1996) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 941,

74 L. Ed.2d 765 (1983)). With this standard in mind, the court determines that the claims asserted by the defendant in the underlying state court proceeding "relate to" the contract between Terminix and the defendant. The alleged misrepresentation involves subterranean termite infestation, which is also the subject matter of the contract between Terminix and the defendant. Under the broad reading of the arbitration clause mandated by federal law, such alleged misrepresentations fall within its purview. Therefore, the defendant must arbitrate such claims.

The defendant's argument that she did not sign the contract containing the arbitration clause is unavailing. It is clearly the law that a party can signify assent to a contract by any conduct that would lead a reasonable person to assume that such assent had been given. SGB Constr. Serv., Inc. v. Ray Sumlin Constr. Co., Inc., 644 So. 2d 892 (Ala. 1994). The undisputed evidence is that the defendant accepted the benefits of the contracts in question and that she paid the renewal fees. Therefore, the defendant clearly assented to the terms of the contracts, including the arbitration clause contained therein.

The above demonstrates that there exists no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law on its

3

petition to compel arbitration and the underlying state court action against Terminix is due to be stayed. See, TranSouth Financial Corp. v. Bell, 1998 WL 468699 at *5-6 (11th Cir. August 12, 1998) (stay of state court action may be necessary to insure that the federal court has opportunity to pass on validity of arbitration award). An appropriate order will be entered.

DONE this 8th day of September 1998.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.